STATE BOARD OF TAX APPEALS.

JOSEPH MELTZER, INC., OF NEW JERSEY, PETITIONER,
v. CITY OF JERSEY CITY, RESPONDENT.

Decided June 1, 1943.

For the petitioner, *Hollander, Leichter & Klotz* (by *Manuel Meth* and *Bernard A. Schwarz.*)

For the respondent, *Charles A. Rooney* (by *Theodore C. Baer*).

WAESCHE, President. This is an appeal by Joseph Meltzer, Inc., a domestic corporation having its chief office in Jersey City, from an assessment by that municipality for the year 1939 in the sum of $100,000 on personalty, which was affirmed by the Hudson County Board of Taxation. Petitioner here seeks a reduction of the assessment to the sum of $316.34.

Petitioner had been engaged in the general contracting business since 1932 and at one time was quite active, but on the assessing date and since that time the corporate enterprise appears to have been practically dormant. The admitted assets of petitioner on the assessing date consisted of cash in bank of $66.34 and notes receivable of $250, totaling in all $316.34.

The city appears to have based the bulk of its assessment upon the following facts: The corporation, during the years of 1934 and 1935, had a contract with the United States Government for the construction of a project known as Lock

No. 21, at Quincy, Illinois. This contract appears to have been fully performed and the full contract price was paid by the government for that performance prior to the assessing date. The company, however, made claim against the United States for $350,000 or more. This claim was based upon (1) the failure of the United States to supply it with qualified labor; (2) the forcing of petitioner, by the United States, to produce concrete in such a manner that the cost was much greater than under normal conditions; (3) the fact that the subsoil conditions within the cofferdam were different from the conditions indicated by the plans furnished by the United States. It would thus appear that the company's various claims against the United States Government were unliquidated by their very nature and that they did not partake of the characteristics of what in legal parlance is called a "debt," where the amount has been definitely liquidated and settled. Upon denial of liability by the United States the company filed suit, in the year 1937, in the Court of Claims, where it is still pending and undetermined, the United States contesting the company's claims. The principal question raised in the present proceeding is whether or not this claim is taxable property within the meaning of the act.

In addition to the character of the suit heretofore described, it must be remembered that a claim against the United States Government is somewhat different from an ordinary claim, due to the elementary principle that a sovereign cannot be sued without its consent. To avoid the hardship of this fundamental rule of law, Congress set up the Court of Claims, which has jurisdiction to try and determine certain types of claims against the government. The jurisdiction of the court is set out in section 145 of the Judicial Code of the United States (*U. S. C. A., title* 28, *ch.* 7, § 250). Here the right to sue is not an absolute right even where jurisdiction is established and this is attested by the fact that claimant must at all times have borne true faith and allegiance to the government (sections 159, 160 and 161, Judicial Code) and that any assignee of the claim takes subject not only to this defense, but to the further defense that prior assignees have exhibited disloyalty to the government, as well as the claim-

ant, so that a perfectly meritorious claim could be defeated on this ground alone. Certain types of fraud in connection with the claim will vitiate it likewise (section 172 of the Judicial Code). In other words, there seems to be no absolute right to recover and there are obstacles to a free assignment of such claim.

Our General Tax Act (in conformity with the constitutional injunction laid down in article 4, section 7, paragraph 12 thereof) states that all property, real and personal, not expressly exempt from taxation or excluded from taxation by provisions of the statute, shall be assessed by the assessors of the respective taxing districts. *N. J. S. A.* 54:4-1. Corporate property shall be assessed in the same manner generally as the property of an individual. *N. J. S. A.* 52:4-2. The statute, however, does not specifically define what "property" is or what "personal property" is. It does, however, go on to say that the assessor shall ascertain annually, by diligent inquiry, the amount of personal property owned by each taxpayer in his district and states the manner thereof in the following language:

"Every inhabitant of a taxing district and every owner of personal property located in the district shall, on application of the assessor, forthwith render a true account of his name and his personal property, moneys, effects and credits and the assessor shall set down in a list in proper columns the names, the value of the personal estate assessed to each one, including the amount of collectible debts due to him * * *." *N. J. S. A.* 54:4-12.

It would appear, therefore, that while property is not specifically defined, that portion of the statute which governs the method of assessment and the manner in which an assessor shall make his assessment clearly indicates the legislative intent as to what was to be considered property for the purpose of assessment and taxation. The intent of paragraph 12 therefore would seem to be to tax "collectible debts." This would indicate that unliquidated claims, the appraisal of whose value would be sheer guess work because they are intangible expectancies, are not to be considered as property within the meaning of the act.

The respondent city leans very heavily upon the legal presumption that an assessment once made by the assessors is presumed to be correct and that the burden of proof is upon the petitioner to prove otherwise. *New Jersey Bell Telephone Co.* v. *City of Newark* (*Supreme Court,* 1937), 118 *N. J. L.* 490; 193 *Atl. Rep.* 844; *affirmed,* 124 *N. J. L.* 451; 12 *Atl. Rep.* (*2d*) 675. While agreeing with the general holding of this case, the Board here points out that in order that the principle of this case may be applicable, the assessment must be made in connection with what the legislature deemed to be property and that the mere citation of this case begs the question here involved. Where the value of a claim is so indefinite that even counsel for the petitioner in the Court of Claims, or counsel for the government in this court could not give an accurate statement as to its value, the guess of a local assessor is no more sacrosanct than that of anyone else. Concluding, therefore, that the claim is unliquidated by its very nature and that the statute was not intended by the legislature to apply to such unliquidated claims, the Board must disregard this claim as an item to be considered in assessing the personalty of the petitioner.

During the cross-examination of Mr. Meltzer, who apparently was the principal owner and directed the activities of the petitioner, counsel for the respondent, basing his questions upon the income tax return of petitioner for the year 1938, examined the witness upon several items, to which the answers were most unsatisfactory. On that income tax return it was stated that the corporation had outstanding notes receivable in the amount of $2,250, loans receivable in the amount of $19,522.24 and that it owned $5,000 of the capital stock of the Gleam Products Corporation. The memory of the witness was very vague about these items. He did not and would not definitely state that these were not assets of the corporation on the assessing date. No books of the corporation were produced, although they could have been. The names of the debtors could not even be brought to mind by the witness, nor was the testimony of Mr. Roth, the corporation accountant, any more satisfactory in this respect. It seems to the Board that there was a duty on the petitioner to come forward

and state its assets fairly and frankly and to produce its books and all other information necessary to a clear and accurate statement of its assets on the assessing date. This is especially true since all of the relevant information was within its control and the burden of proof was definitely on it to overcome the presumption of correctness which the assessment carries. *New Jersey Bell Telephone Co.* v. *City of Newark, supra.*

Accordingly, to the admitted assets of the petitioner on the assessing date should be added these assets, amounting to $26,834.46, making a total in all of $27,150.80, and the assessment should be reduced to this amount.

Judgment accordingly.